Lake Brady Spiritualists Camp Association, Appellee,
v. Brown, Atty. Gen., Appellant.

[Cite as Lake Brady Assn. v. Brown (1980),
62 Ohio St. 2d   43.]

(No. 79-1037—Decided April 9, 1980.)

44

*Messrs. Freeman, Igoe, Hanson & Polhamus* and *Mr. William R. Polhamus,* for appellee.

*Mr. William J. Brown,* attorney general, and *Ms. Toba Jeanne Feldman,* for appellant.

*Per Curiam.* The issue in this cause is whether appellee is a religious organization as that phrase is used in R. C. 2915.01(I).[2] That section states: " 'Religious organization' means any church, body of communicants, or group that is not organized or operated for profit, that gathers in common membership for regular worship and religious observances."

The only portion of this definition in question is whether appellee gathers for regular worship and religious observance. It is undisputed that appellee meets the other criterion presented in R. C. 2915.01(I). The statute does not define what is meant by "regular worship and religious observance," and that phrase is open to various interpretations. When a statute is facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result. *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208,

[2] The record established that appellee met the requirements of R. C. 2915.01(H). It received a letter from the Internal Revenue Service stating that it was tax exempt and it was in continuous existence for a period of two years before applying for a bingo license.

paragraph two of the syllabus. See, also, R. C. 1.47(C). The Court of Appeals construed the statute reasonably. When it addressed the manner in which a religious organization conducted its worship, it concluded that appellee's summer gatherings constituted "regular worship and religious observance." We agree with the Court of Appeals' interpretation.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

